IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-CR-40003-MJR |
| ) | |
| RODNEY T. CRATER ) | |
| (Inmate # 05388-025), ) | |
| ) | |
| Defendant. ) | |

## SHOW CAUSE ORDER
## REGARDING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In March 2003, Rodney Crater was sentenced in this Court (by the Honorable James L. Foreman) to concurrent terms of 235 months in prison on Counts 1 and 2 of an indictment charging him with distribution of cocaine base. Judgment was entered accordingly.

On July 29, 2011, Defendant Crater filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated July 20, 2011 and August 8, 2011 (Docs. 66, 67), the undersigned Judge appointed the Federal Public Defender's Office to represent Defendant Crater on this motion and stayed action on the motion until

November 1, 2011. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Crater's behalf in mid September 2011 (Doc. 68).

On November 17, 2011, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 69). A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 69, pp. 1-2):

> 4. On March 24, 2003, based upon an offense level of 38 and a criminal history category of I, the Court calculated the Defendant's guideline range to be 235 to 240 months in prison and imposed a sentence of 235 months. The Defendant's relevant conduct was determined to be 1,024 grams of cocaine base. *See* PSR ¶ 23. On September 10, 2010, as a result of the 2007 retroactive amendment to the crack cocaine guideline, the Defendant's sentence was reduced from 235 months to 188 months. *See* Doc. 64.
>
> 5. The 2011 retroactive amendment to the crack cocaine guideline does not change the Defendant's guideline range. The range remains 188 to 235 months, the same as it was under the 2007 retroactive amendment to the crack cocaine guideline. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A).
>
> 6. United States Probation Officer Linda Fletcher has also concluded that the Defendant is ineligible for a reduction because his guideline range is unaffected by the 2011 retroactive amendment to the crack cocaine guideline.

Simply put, Schultz asks the Court to let him out of the case because (a) his research discloses that Crater is *not eligible* for the reduction at issue, and (b) Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

The Court hereby **DIRECTS Defendant Crater – by December 2, 2011** – to file in this Court a "Response" SHOWING CAUSE (that is, a valid reason) why the undersigned Judge should not grant attorney Schultz's motion to withdraw (Doc. 69) and deny Crater's pro se motion to reduce sentence (Doc. 65). The Clerk of Court shall immediately mail a copy of this Order to Defendant Crater at the address listed on attorney Schultz's certificate of service to Doc. 69. The Government may, but is not ordered to, file any response to Mr. Schultz's motion by December 2, 2011, as well.

IT IS SO ORDERED.

DATED November 19, 2011.

s/ ***Michael J. Reagan***
Michael J. Reagan
United States District Judge